IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHANE AARON ABBOTT,

    Petitioner,

v.

FEDERAL BUREAU OF PRISONS and
J.E. THOMAS,

    Respondents.

Case No. 3:11-cv-01047-MO

OPINION AND ORDER

    Stephen R. Sady, Chief Deputy Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    S. Amanda Marshall
    United States Attorney
    Ronald K. Silver, Assistant United States Attorney
    Natalie K. Wight, Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondents

1 - OPINION AND ORDER

MOSMAN, District Judge.

This 28 U.S.C. § 2241 habeas corpus case comes before the court on a limited remand from the Ninth Circuit to determine petitioner's eligibility for early release under the Residential Drug Abuse Program ("RDAP"). Because the court lacks subject matter jurisdiction to reexamine this individualized determination under the Administrative Procedures Act, and as petitioner is unable to prevail on his constitutional challenges, relief on the Amended Petition is denied.

## BACKGROUND

Petitioner originally filed this action on August 26, 2011 challenging a decision by the Bureau of Prisons ("BOP") denying him participation in RDAP because he had three outstanding warrants, one of which prevented him from transitioning to a community corrections center toward the end of his sentence. On September 28, 2012, the court denied relief on petitioner's Amended Petition and petitioner timely appealed.

In the meantime, respondents learned of internal BOP guidance that permits an inmate with a pending warrant to qualify for participation in RDAP so long as there is no pending detainer. It also learned that the warrant precluding petitioner's consideration for placement in RDAP had been quashed. As a result, the BOP re-evaluated petitioner's RDAP eligibility on April 1, 2013, and approved him for participation in that program. Declaration of

2 - OPINION AND ORDER

Daniel Dougherty, pp. 2-3. Petitioner began participation in RDAP on May 1, 2013.

After petitioner was approved for participation in RDAP, the BOP's Designation and Sentence Computation Center ("DSCC") explored petitioner's eligibility for the early release benefit of RDAP available under 18 U.S.C. § 3621(e)(2)(B). On April 3, 2013, the DSCC concluded petitioner was not eligible for the early release benefit because he had a precluding prior state conviction, a Montana conviction for unlawful restraint. *Id* at 3. In arriving at this conclusion, the DSCC applied 28 C.F.R. § 550.55(b)(4) which precludes an inmate from receiving early release if he has a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, aggravated assault, arson, kidnaping, or child sex abuse. The DSCC construed the prior Montana conviction for unlawful restraint as a kidnaping under § 550.55(b)(4)(vi). Dougherty Declaration, Att. 4.

At this point, the parties sought an order from this court authorizing a limited remand. On April 25, 2013, the court issued such an Order authorizing the parties to represent to the Court of Appeals that this court would "entertain a limited remand for the purpose of determining the question whether the categorical offense of 'kidnapping' in the relevant program statement encompasses the petty offense of unlawful restraint under Montana law." Based

3 - OPINION AND ORDER

upon the representations of the parties, the Court of Appeals remanded the case to this court for further proceedings.

On this limited remand, petitioner argues that he is eligible for the reduction in sentence benefit upon successful completion of his RDAP program because a prior conviction for the petty offense of unlawful restraint under Montana law does not constitute "kidnaping" under 28 C.F.R. § 550.55(b)(4)(vi), one of the regulations implementing the sentence reduction program under 18 U.S.C. § 3621(e). Respondents asks the court to deny such habeas corpus relief because: (1) the court lacks jurisdiction to review the BOP's individualized determination regarding petitioner's ineligibility for RDAP's early release benefit; and (2) any claim that the BOP's early release decision violates the Constitution or exceeds statutory authority lacks merit.[1]

## DISCUSSION

Petitioner asks this court to revisit the BOP's determination that his prior conviction in Montana for unlawful restraint was sufficiently similar to kidnaping to preclude him from the early release benefit of RDAP. He principally takes issue with the definition, or lack thereof, of "kidnaping" in relation to 28

---

[1] The court need not address the parties' dispute as to whether petitioner's prior claim that his exclusion from RDAP based on an outstanding warrant is now moot. The court has already issued its ruling on the merits of that claim and, to the extent petitioner believes this claim was not mooted by the BOP's decision to enroll him in RDAP, he may challenge this court's decision on appeal.

4 - OPINION AND ORDER

C.F.R. 550.55(b)(4)(vi), one of the regulations implementing the sentence reduction program under 18 U.S.C. 3621(e). This court lacks jurisdiction to revisit such individualized determinations made pursuant to 18 U.S.C. § 3621. See 18 U.S.C. § 3625; Reeb v. Thomas, 636 F.3d 1224, 1227-28 (9th Cir. 2011) ("federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621").

While review of the BOP's individualized determinations are not reviewable under the Administrative Procedures Act, habeas corpus review "remains available for allegations that BOP action is contrary to established federal law, violates the United states Constitution, or exceeds its statutory authority. . . ." Reeb, 636 F.3d at 1228 (footnote omitted). In this regard, petitioner argues that he had a right to be considered for early release, but the BOP's promulgation of a categorical exclusion of inmates from early release based upon the classification of their conviction (as opposed to any individualized determination) means the BOP simply failed to consider him for early release. While petitioner is correct that he has a right to consideration for early release, Cort v. Crabtree, 113 F.3d 1081, 1085 (9th Cir. 1997), the BOP did consider him for that benefit and specifically found him to have a prior conviction which precluded his early release because, in its estimation, the conviction amounted to a kidnaping. In this way,

5 - OPINION AND ORDER

petitioner is actually attempting to challenge an individualized determination.

Although petitioner also purports to challenge the BOP's promulgation of its categorical exclusions under 28 C.F.R. § 550.55(b)(4), the Ninth Circuit specifically recognized that regulation to be a proper exercise of the BOP's discretion. *Peck v. Thomas*, 697 F.3d 767, 773-743 (9th Cir. 2012).

Petitioner next argues that due process concerns are implicated by the BOP's decision to disqualify petitioner from the early release benefit of RDAP. However, there is no liberty interest in early release. *Peck*, 697 F.3d at 774; *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Consequently, petitioner cannot prevail on a due process claim.

Petitioner also claims that the BOP's decision violates his constitutional right to equal protection because inmates with prior convictions for simple assault are presumably treated more favorably than those who have been convicted of unlawful restraint. This does not show that petitioner is being treated differently than other inmates who are similarly situated, because assault and kidnaping are distinct crimes which are not sufficiently similar to implicate equal protection concerns. *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999) (petitioner must show that he was treated differently from others similarly situated). For all of these reasons, the court denies habeas corpus relief.

**CONCLUSION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#11) is denied.

IT IS SO ORDERED.

DATED this **24** day of September, 2013.

*Michael W. Mosman*
United States District Judge